FLETCHER, Judge.
Teresita G. Lamar, as Personal Representative of the Estate of Alicia Gorrita, deceased, appeals a final summary judgment entered in favor of RLI Insurance Company [RLI], For the reasons which follow, we affirm.
This case arises from a slip and fall accident at the Casa Linda Apartments as a result of which Alicia Gorrita sustained serious personal injuries. The apartment complex is a business owned by Linda Murphy and managed by Project Advisers Corporation, a corporation owned by Murphy. At the time of the accident, the apartment complex business had a $1,000,000 commercial general liability policy with American Equity which covered Casa Linda (and 32 other apartment complexes which Murphy owned). Murphy was listed as an additional insured on this American Equity commercial liability policy.
Suit was filed by Gorrita’s estate against Murphy and Project Advisers in June of 2000. In May of 2001, the parties entered into a settlement agreement whereby a consent judgment awarding $6,000,000 to *158 the estate was to be entered against Murphy and, upon payment of the $1,000,000 policy limits from American Equity, Project Advisers would be released. In addition, the estate agreed not to execute on the remaining $5,000,000 against Murphy in exchange for Murphy’s assignment of any claims she may have against her insurers.
Individually, Murphy had a personal (non-commercial) umbrella liability policy issued to her by RLI. The RLI policy provides an additional $3,000,000 in liability coverage as long as Murphy maintains certain personal liability policies. The personal umbrella RLI policy, which clearly is intended to cover personal life occurrences, and not business occurrences, contains a “business pursuits” exclusion.
On the other hand, the American Equity policy is a commercial line policy that only incidentally covers Murphy’s personal occurrences. Nonetheless the estate contends that this policy, because of its incidental coverage of Murphy as an additional insured is a “personal liability policy” implicating the RLI umbrella coverage. We disagree.
The RLI policy states:
“This policy does not provide coverage for:
A. Injury arising out of Business Pursuits or Business Property unless covered under the Basic Policies.[1]
[[Image here]]
C. Injury arising from the premises of rental properties owned by anyone covered by this policy unless also covered by valid and collectable insurance under a Homeowners, Comprehensive Personal Liability, or Farmers Personal Comprehensive Personal Liability for the Full Minimum Limit of Coverage shown for such Basic Policy in the Declarations.” [e.s.]
The commercial lines policy issued by American Equity does not qualify as a Homeowners or Farmowners personal protection policy, or a personal liability policy of any type.[2] As a result the RLI policy language does not provide coverage herein.
Affirmed.

. These policies are Automobile Liability Policy, Personal Liability Policy, Recreational Vehicle Liability Policy, and Watercraft Liability Policy.

. Certainly the Murphy coverage language contained in the American Equity policy does not stand alone as a "policy”.